**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 13** |
| | : | |
| **Karen L. Ludy** | : | **NO. 21-13183-ELF** |
| | : | |

**O R D E R**

  **AND NOW,** this \_\_\_13th\_\_\_ day of \_\_\_\_\_September\_\_\_\_\_, 2022, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, and any response thereto, it is hereby

  **ORDERED,** that Debtor is authorized to sell her real property located at 553 Grant Street, Pottstown, PA 19464 ("Property"), Free and Clear of all Liens with Montgomery County's secured claims to be paid at closing. These include Montgomery County tax liens 2022-10291, 2015-17870, and 2021-10723 – the three specific liens filed by the Tax Claim Bureau are to be paid, in addition to the other liens (taxes and any municipal charges) that are specific to 553 Grant Street (in addition to any taxes or charges against 553 Grant that are due and payable but not yet in lien status). The above are the liens where the Tax Claim Bureau was identified as the plaintiff with all remaining liens that are against the property located 553 Grant Street, Pottstown, Pa.19464 ("property") being paid at settlement.

  The property is being sold for the sale price of $47,500.00 (forty seven thousand five hundred dollars), pursuant to the terms of a certain real estate agreement of sale dated as of June 22, 2022 to the buyer(s) thereunder, Suarez Melendez Developers LLC("Buyer"), who have been represented to be purchasing the Property at arms-length.

  The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters.

2. Any unpaid Real estate taxes, sewer, trash and/or other such items on the property being sold

3. Real estate commission,at no greater than 6%.

After paying the above, the title clerk shall pay to Kenneth E. West, Chapter 13 Trustee, the balance of the sales proceeds, on the property being sold .

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the Trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the Trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

The fourteen (14) day stay in Fed. R. Bankr. P. 6004(h) is hereby waived.

This Order SUPERSEDES the prior order entered on September 9, 2022 (Doc. # 48).

_____
ERIC L. FRANK
U.S. Bankruptcy Judge